## No. 5216.

### PIERRE LABERIE VS. MRS. A. T. FRERET.

The Sheriff in the Parish of Orleans, acting, under Sec. 67, Rev. Sta., as umpire between the plaintiff's and defendant's appraisers, need not be sworn for the purpose of appraising the property.  His oath of office is all that the law requires.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch,* J.

A. Brieugne for Plaintiff and Appellee.

A. T. Steele for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiff, a mortgage creditor of the defendant, having caused the property securing his debt to be sold, became the adjudicatee thereof for more than two thirds of the appraisement thereof.

He subsequently applied for a monition.   The defendant opposed the application on the ground that the property was adjudicated without any legal appraisement thereof.

The evidence shows that the appraiser appointed by the plaintiff valued the property at $8000 ; that the appraiser named by the defendant valued it at $12,500; and that, by reason of their disagreement, the sheriff, by his deputy, appraised it at $8000.   The proceedings occurred in the parish of Orleans.   The appraisers appointed by the parties were sworn.   It is claimed that the sheriff had no right to act as *umpire,* and that he was not sworn.

Such a course is expressly authorized by the Act of 1869, p. 18, Sec. 1, incorporated in the R. S. as Sec. 67, under the title of Appraisement in the parishes of Orleans and Jefferson, and which is to the effect, that if the plaintiff and defendant, or the appraiser designated by them, shall

disagree, the sheriff making the sale *shall constitute* the umpire, whose decision shall be final, and shall receive no fee.

By this law, which was in force at the time that the appraisement herein took place, it was made one of the *duties*, and a *gratuitous* one too, of the sheriff to act in that capacity in order to expedite the execution of writs and to save expense to litigants.

The law does not require that the sheriff, when serving in that manner, shall be sworn. He is the officer who receives the oath of the appraisers, and cannot be expected to swear himself. His official oath, to discharge faithfully *all* the duties imposed upon him by law, was considered as affording sufficient moral guarantee that he would perform that function properly. That which the sheriff himself could have done, his deputy was authorized to do, particularly under a special appointment, as was done in this case.

The lower court correctly rejected the opposition and confirmed the monition.

The judgment is affirmed with costs.

Rehearing refused.